IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STEVEN M. HONEYCUTT,                                                              PLAINTIFF
ADC #107865

v.                              CASE NO. 3:13CV00188 BSM

BRANDON WOMACK, Deputy Sheriff,
Craighead County; *et al*.                                                        DEFENDANTS

## ORDER

By order dated October 1, 2013, plaintiff Steven M. Honeycutt was granted leave to proceed without prepayment of fees. [Doc. No. 3]. Finding Honeycutt's complaint failed to state a claim upon which relief may be granted against all defendants, except defendant Brandon Womack, Honeycutt was given thirty days to amend his complaint. Honeycutt, however, has failed to amend his complaint.

### I. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). A complaint, or portion thereof, must be dismissed if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See*

*Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

Honeycutt alleges excessive force against defendant Brandon Womack, but fails to make allegations against the other four named defendants. [Doc. No. 2]. In that Honeycutt failed to amend his complaint as ordered, defendants McCann, Boyd, Richardson, and Rolland are hereby dismissed with prejudice. Service is appropriate only with respect to Honeycutt's allegations against defendant Womack.

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Service is appropriate for defendant Brandon Womack. The Clerk shall prepare summons for the defendant and the United States Marshal shall serve a copy of the complaint [Doc. No. 2] and summons on defendant Womack without prepayment of fees and costs or security therefore.

2. Defendants McCann, Boyd, Richardson, and Rolland are dismissed from Honeycutt's complaint, without prejudice.

IT IS SO ORDERED this 10th day of March 2014.

_____
UNITED STATES DISTRICT JUDGE