IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STEVEN M. HONEYCUTT                                                                        PLAINTIFF

v.                          CASE NO. 3:13CV00188 BSM

BRANDON WOMACK                                                                           DEFENDANT

## ORDER

Defendant Brandon Womack's motion for summary judgment [Doc. No. 22] is granted and plaintiff Steven Honeycutt's claims against Womack are dismissed with prejudice.

### I.  FACTUAL BACKGROUND

Viewing the facts in the light most favorable to Honeycutt, the non-moving party, the facts are as follows.  Womack, a Craighead County deputy sheriff, was on duty in his patrol car when Honeycutt passed him.  Womack pulled onto the road and accelerated to catch up to Womack, called into dispatch for backup, and turned on his siren.  Soon thereafter, Honeycutt came to a stop on the side of the road.

As Honeycutt exited his truck, Womack ordered him to get back in the truck. Womack then ordered Honeycutt to exit the truck and walk to the back of the truck with his hands raised.  Honeycutt exited the truck with his hands raised, but then attempted to reach into his truck.  As soon as Honeycutt reached into his truck, Womack shot him in the arm. Womack then called dispatch for help and began providing first aid to Honeycutt.  Other deputies soon arrived and provided aid until the ambulance arrived and took Honeycutt to

the hospital.

Honeycutt filed this lawsuit against Womack, in his official and individual capacities, alleging excessive force and deliberate indifference to a serious medical need. Honeycutt is seeking Womack's termination from the sheriff's department and money damages.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* When considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).

## III. DISCUSSION

Summary judgment is granted because Womack is immune from suit. Sovereign immunity bars Honeycutt's official capacity claims seeking money damages and, though not barred by the Eleventh Amendment, Honeycutt's official capacity claims for injunctive relief are dismissed for failure to state a claim. Further, qualified immunity bars Honeycutt's individual capacity claims.

A.	Sovereign Immunity

Honeycutt's claims against Womack in his official capacity are barred by the Eleventh Amendment. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). This is true because the Eleventh Amendment immunizes state agencies from suits brought by private citizens. *Ex Parte Young*, 209 U.S. 123, 149 (1908). A suit against a government official in his official capacity is an action against the state agency that employs the official being sued. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). The Eleventh Amendment, however, does not bar claims against the state that seek prospective, and not compensatory, relief. *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 530 (8th Cir. 2005). Therefore, a court may enjoin state officials to prevent Constitutional violations. *Id.*

Honeycutt's claim seeking Womack's termination is dismissed because Womack's employment with the Craighead County Sheriff's Department poses no immediate threat of repeated injury to Honeycutt *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Honeycutt's claim is in essence a claim for prospective injunctive relief and to obtain such relief, Honeycutt must show that a real and immediate injury exists, not an abstract injury or one that is conjectural or hypothetical. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 100–02 (1983). In that Honeycutt is currently incarcerated, he is no longer in contact with Womack or subject to his authority. Consequently, Womack poses no real and immediate threat to him.

B.	Qualified Immunity

Womack is immune from Honeycutt's excessive force claims against him in his individual capacity because the force he used on Honeycutt was objectively reasonable under the circumstances. Qualified immunity shields officers from liability unless they violate a clearly established right that a reasonable person would have known about. *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012). In determining whether an officer used excessive force, the court must determine whether the amount of force used was objectively reasonable under the circumstances. *Coker v. Arkansas State Police*, 734 F.3d 838, 843 (8th Cir. 2013).

Womack is entitled to qualified immunity because he did not violate a clearly established right. The video of the traffic stop, the only objective evidence in the record, indicates that Honeycutt's injury was not the result of malicious conduct, but was the product of Womack's efforts to maintain order and safety. The video supports the proposition that an objectively reasonable law enforcement officer in the same situation as Womack would have used the same or similar amount of force, given the circumstances that Womack faced.

Womack also has qualified immunity on Honeycutt's claim that Womack violated the Eighth Amendment's prohibition against cruel and unusual punishment when he acted with deliberate indifference to Honeycutt's serious medical needs. To satisfy his deliberate indifference claim, Honeycutt must show that (1) he suffered from an objectively serious medical need, and (2) the officer actually knew of, but deliberately disregarded the need. *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014). Honeycutt clearly establishes the first element, but the video of the traffic stop shows that Womack

immediately addressed Honeycutt's injury by providing first aid and calling for help. Indeed, Womack continued to provide first aid to Honeycutt until help arrived. Consequently, Honeycutt has failed to show that Womack deliberately disregarded his medical need.

## IV. CONCLUSION

For the reasons stated above, Womack's motion for summary judgment [Doc. No. 22] is granted and Honeycutt's complaint is dismissed with prejudice.

IT IS ORDERED this 18th day of December 2014.

_____
UNITED STATES DISTRICT JUDGE